Harry Rickard and Dorothy Rickard v. Commissioner.
Rickard v. Commissioner
Docket No. 4796-69 "SC".
United States Tax Court
T.C. Memo 1970-93; 1970 Tax Ct. Memo LEXIS 263; 29 T.C.M. (CCH) 451; T.C.M. (RIA) 70093; April 27, 1970, Filed *263 Nathan B. Driggers, 4200 Penobscot Bldg., Detroit, Mich., for the petitioners. James C. Lynch, for the respondent. SCOTT Memorandum Findings of Fact and Opinion Scott, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1966 in the amount of $660. The only issue for decision is whether petitioners are entitled to dependency credit exemptions for each or any of the five children of Harry Rickard. Findings of Fact Petitioners, husband and wife, whose legal residence was in Wayne, Michigan, at the time they filed their petition in this case, filed their joint Federal income tax return for the calendar year 1966 with the district director of internal revenue, Detroit, Michigan. Harry Rickard (hereinafter referred to as Harry) and Patricia Rickard Bell (hereinafter referred to as Patricia) were divorced in 1962. In 1966 their five children Martin age 14, Ruth age 12, Jeffrey age 11, Harry Randell (Randy) age 10, and Katherine age 8, lived with their mother, Patricia and her husband, Earl Bell. Their father, Harry, paid $2,385 to the Friend of the Court during 1966 to be used for their support. The amount of $2,385 paid by Harry *264 through the Friend of the Court was for the support of each of his five children in the amount of $477. In addition to the payments through the Friend of the Court Harry paid to Patricia for the support of each Randy, Katherine and Jeffrey the amount of $13.65 and for the support of Martin and Ruth each the amount of $16.00. Harry also spent $50 for clothes for birthday and Christmas presents for each Martin and Ruth and $30 for clothes for such presents for each Randy, Katherine and Jeffrey. During 1966 Patricia expended the following amounts for support other than lodging for each of the five children: Martin
Ruth
Jeffrey
Randy
Katherine
Food
$371.45
$371.45
$371.45
$371.45
$ 371.45
Clothes
242.00
196.00
163.00
113.00
70.00
Medical
123.00
569.00
133.00
57.00
28.00
Haircuts
21.00
21.00
21.00
21.00
21.00
Miscellaneous
50.00
29.00
14.00
14.00
5.00
Birthday and Christmas Presents 50.00
50.00
50.00
50.00
50.00
Total
$857.45
$1,236.45
$752.45
$526.45
$545.45
The house in which Patricia, her husband Earl Bell, and the five children lived was a detached bungalow about 2 feet wide by 30 feet deep, including *265 the porch, on a 40-foot lot in the first block south of some railroad tracks in Wayne, Michigan. It had a joint driveway with the house next door but the driveway was wide enough for two cars to pass. There was a basement under the house. There was a living room approximately 12 by 15 feet, a dining room approximately 10 feet square, a kitchen about 8 by 10 feet, a bathroom, and two bedrooms downstairs. There was a stairway from the dining room with a door at the bottom which led to a partial second floor. After the house was built, this partial second floor had been finished into two rooms with one window in the end of each room. There was no bath on the second floor. The center of the rooms on the second floor were high enough for an adult to stand in but the sides sloped down to only several feet high. Most of the furniture in the house was furniture Harry and Patricia had purchased prior to 1959 but there was some newer furniture. The furniture was of good quality. Unfurnished brick two-bedroom duplexes in the same general area as the house where 452 Patricia and her children lived in 1966 rented for $90 a month without utilities. Other 2-bedroom houses in this area rented *266 unfurnished for from $75 to $100 a month. Generally the cost of utilities in the duplexes would average about $20 a month. Patricia's cost of utilities for the house in which she and the children lived in 1966, exclusive of telephone, was approximately $375 and the telephone cost was $106. Petitioners on their Federal income tax return for 1966 claimed a dependency exemption for each of Harry's five children. Respondent in his notice of deficiency disallowed each of these claimed exemptions with the explanation that petitioners had not established that they contributed over one-half of the support for any one of the five children. Ultimate Fact Petitioners contributed over one-half the support for Randy and Katherine during the year 1966 but have failed to establish that they contributed over one-half of the support of any one of Harry's other three children during the year 1966. Opinion The issue here is purely factual. Petitioners have shown that Harry contributed $543 to the support of each Martin and Ruth in 1966 and contributed $520.65 to the support of each of the other children during this year. The total support of each of the children except for lodging during *267 1966 was: Martin
Ruth
Jeffrey
Randy
Katherine
Expenditures by Patricia
$857.45
$1,236.45
$752.45
$526.45
$545.45
Gifts directly to children by Harry 50.00
50.00
30.00
30.00
30.00
Total
$907.45
$1,286.45
$782.45
$556.45
$575.45
Patricia estimated the rental value of the house at $150 per month without utilities and furnishings based primarily on a statement made to her by the salesman of the house. Therefore we have given little weight to her estimate. An expert offered by petitioners estimated the rental value without the second floor rooms being finished and unfurnished at $85, including a utility cost of $18 or $19 a month. However, he stated that his estimated rental value would be increased if the second floor were finished and of course would be increased because of the house being furnished. Based on this testimony, the description of the house by several witnesses, and other rentals charged in the neighborhood, we have concluded that the rental value of the house in which Patricia and the children lived, including utilities and furnishings was at least $155 a month or $1,860 a year. On this basis we have concluded that *268 when lodging is added to the other costs of support of each of the five children, petitioners have established that they contributed over one-half of the support of Randy and Katherine but have not established that they contributed over one-half of the support of the other three children. Decision will be entered under Rule 50.